**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| CRISTI EARNSHAW,<br><br>Plaintiff,<br><br>v.<br><br>GOODWILL OF WESTERN MISSOURI AND EASTERN KANSAS,<br><br>Defendant. | ) | Case No. 25-cv-2409-AWM-JBW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Leave to Effect Alternative Service of Rule 45 Subpoenas (Dkt. 42). Plaintiff seeks an order permitting an alternative method of service of deposition subpoenas on non-party witnesses Justin Warring, Josh Gish, and Alec Maple, after multiple attempts to obtain service upon the witnesses. Defendant has informed the Court it has no opposition to the motion. For the reasons set forth below, the Court grants Plaintiff's unopposed motion.

Fed. R. Civ. P. 45(b) governs service of subpoenas. "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."[1] Courts in this District have held "delivering a copy" as used in Rule 45 does not require personal service.[2] Service must

---

[1] Fed. R. Civ. P. 45(b)(1).

[2] *Ross v. Jenkins*, No. 17-2547-DDC, 2019 WL 3453705, at *1 (D. Kan. July 31, 2019) ("[T]he court concluded that 'delivering a copy [of the subpoena] to the named person'—the phrase used by Rule 45—can include methods of service other than direct, hand-over-hand personal service."); *Yost v. K. Truck Lines, Inc.*, No. 03-2086-DJW, 2006 WL 8440101, at *2 (D. Kan. Jan. 11, 2006) ("This Court cannot find that the language of Rule 45(b)(1) mandates personal delivery on the individual or that it prohibits alternative means of service."); *W. Res. Inc. v. Union Pac. R. Co.*, No. 00-2043-CM, 2002 WL 1822432, at *2 (D. Kan. July 23, 2002) ("The language of Rule 45 does not explicitly demand personal service of a subpoena . . . .").

be made in a manner that reasonably ensures actual receipt of the subpoena.[3] "The Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service."[4]

Plaintiff's motion outlines the attempts to serve deposition subpoenas on witnesses Justin Warring, Josh Gish, and Alec Maple. Plaintiff has retained process servers to locate and serve the witnesses. The service attempts of the various process servers outlined in Plaintiff's motion suggest the witnesses are purposefully attempting to evade service. Plaintiff now seeks to effectuate service by mailing a copy of the subpoena, notice of deposition, order authorizing alternative service, and check covering the applicable witness attendance fee and mileage allowance by FedEx priority service or another comparable commercial courier that provides tracking and signature confirmation.

Based upon Plaintiff's efforts to serve the witnesses, the Court finds alternative service to be appropriate. Mailing the service packet to the witnesses may reasonably ensure actual receipt of the subpoena.[5] Upon delivery of the service packet, Plaintiff must file proof of service, identifying the date, address, and manner of delivery with the delivery confirmation attached.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Effect Alternative Service of Rule 45 Subpoenas is GRANTED. Upon delivery of the service packet, Plaintiff must file proof of service, identifying the date, address, and manner of delivery with the delivery confirmation attached.

**IT IS SO ORDERED.**

---

[3] *Yost*, 2006 WL 8440101, at *2.

[4] *W. Res. Inc.*, 2002 WL 1822432, at *2.

[5] *See Oakes Auto, Inc. v. Mitsubishi Motors of N. Am.*, No. 24-2175-TC-GEB, 2025 WL 1993521, at *1 (D. Kan. July 17, 2025).

Dated October 20, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge